**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SAMUEL P. HALL & BRENDA HALL**                                            **PLAINTIFFS**

**VS.**                         **CASE NO.: 2-09-CV-0091 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                          **DEFENDANT**

## ORDER

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves to dismiss the complaint filed by plaintiffs Samuel P. Hall and Brenda Hall ("the Halls") (Doc. No. 7). The Halls have responded (Doc. Nos. 12, 18) and Arrington has replied (Doc. Nos. 15, 20). For the reasons set forth below, Arrington's motion is denied.

## I. ALLEGATIONS

The Halls are Arkansas residents and Arrington is a Texas corporation doing business in Arkansas. Compl., ¶ 8-9. The Halls allege they leased to Arrington the mineral rights for 603.98 acres of land they own in Phillips County, Arkansas. Compl., ¶ 2, 11. They allege that Arrington gave them a $181,194.00 lease bonus, in the form of a bank draft, as consideration for the lease. Compl., ¶ 12. The Oil and Gas Lease attached to the complaint states that on July 17, 2006, the Halls leased the mineral rights "for and in consideration of cash bonus in hand paid . . .." Oil and Gas Lease, attached at Exhibit 1 to plaintiffs' complaint ("the lease"). The Halls allege that Arrington later "caused the draft to be dishonored." Compl., ¶ 12.

In the complaint, the Halls claim breach of contract and fraud and seek compensatory

as well as punitive damages. The Halls claim that the lease required Arrington to pay the Halls the lease bonus, and that Arrington breached the contract by not paying the bonus. Compl., ¶ 14. In the alternative, the Halls claim that the contractual principles of unjust enrichment and promissory estoppel demand that Arrington pay the lease bonus. Compl., ¶ 15. They argue Arrington made a promise to pay the bonus with cash in hand, and the Halls reasonably relied on the promise to their detriment. Compl., ¶ 15. The Halls also claim that Arrington committed fraud when it asserted that it would pay the bonus with a draft and then dishonored the draft. Complaint, ¶ 16. Lastly, the Halls assert Arrington's conduct was intentional and willful, meriting an award of punitive damages. Compl., ¶ 17.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

## III. DISCUSSION

Arrington seems to assert that, at this early stage, it must be determined whether a

contract was actually formed between the Halls and Arrington. The parties go to great lengths to argue whether a contract was actually formed. Such a fact finding would be inappropriate at this time.

As alleged, the parties executed a contract. Arrington allegedly offered the Halls a mineral rights lease. Compl., ¶ 11. The lease is signed by the Halls, indicating they accepted the offer. The Halls maintain a contract was formed throughout the complaint. Compl., ¶¶ 11, 12, 14. Most importantly, they allege they held good and clean title to the land. Compl., ¶ 8. This court has previously found that the same lease and draft language "only placed a condition precedent of title approval on the formation of the contract." *Whistle v. David H. Arrington Oil & Gas, Inc.*, 2009 WL 1529819, *9 (E.D. Ark. June 1, 2009). Chief Judge J. Leon Holmes of the Eastern District of Arkansas also found that nearly identical lease and draft language established the same, and only, condition precedent. *Trenthem v. David H. Arrington Oil & Gas, Inc.*, 2010 WL 545973, *7 (E.D. Ark. Feb. 10, 2010). Whether that condition precedent was actually satisfied is a fact issue not appropriate for decision at this stage, although Arrington could prove later that it honestly disapproved title and thus prevented a contract from forming. The Halls' allegations, taken as true, indicate that the parties entered into the contract.

A.  Breach of Contract

Arrington's motion to dismiss the Halls' claim for breach of contract is denied. As alleged, the condition precedent was or should have been satisfied, so the parties entered into

a contract. Arrington argues that *Whistle, supra*, was decided incorrectly, maintaining that the lease and draft language allowed Arrington to back out of the agreement after the parties initially agreed. Defendant's memorandum brief in support of motion to dismiss ("Deft.'s br."), 5. The Halls argue that the complaint alleges that an agreement was executed and Arrington breached the agreement by failing to pay the lease bonus. Plaintiff's brief in support of response to defendant's motion to dismiss ("Pltf.'s br."), 4. As alleged, a contract existed between the parties, and Arrington breached by not paying the lease bonus.

B.　Unjust Enrichment

Arrington's motion to dismiss the Halls' alternative claim for unjust enrichment is denied. Arrington claims the Halls did not sufficiently plead the four elements of unjust enrichment in Arkansas: 1) the plaintiff suffered a detriment; 2) the defendant received money from the plaintiff to which it was not entitled and which should be restored to the plaintiff; 3) there was some operative act, intent, or situation that made the alleged enrichment of the defendant unjust and inequitable; and 4) the amount by which the defendant was unjustly enriched. Deft.'s br., 7. The Halls maintain they adequately pled their claim by alleging that Arrington received something of value to which it was not entitled and which must be restored to the Halls. Pltf.'s br., 18.

As alleged, the lease gave Arrington exclusive control over the mineral rights on the Halls' land, precluding the Halls from leasing to another lessee. Arrington gained exclusivity, something of great value in the oil and gas market. Arrington allegedly held

these rights without paying for them. The Halls' allegations for unjust enrichment are sufficient.

C.     Promissory Estoppel

Arrington's motion to dismiss the Halls' alternative claim for promissory estoppel is denied. Arrington argues that the Halls' allegations are conclusory and that the Halls fail to plead that Arrington should have expected them to act in reliance on the alleged promise. Deft.'s br., 8-9. Arrington maintains that under Fed. R. Civ. P. 8(a)(2) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, the Halls do not make sufficient factual allegations.

The Halls maintain that they make a claim for promissory estoppel in the alternative, in case it is determined that a contract did not exist between them and Arrington. They agree with Arrington that the elements of a claim for promissory estoppel include: 1) the defendant made a promise; 2) the defendant should have expected plaintiff to act in reliance on that promise; 3) the plaintiff acted in reasonable reliance on the promise to their detriment; and 4) injustice can be avoided only by enforcement of the promise. Pltf.'s br., 16.

Implicit in the complaint is that the Halls allegedly relied on the lease as a binding contract, so they did not enter, or seek to enter, into another lease. Although it is unclear whether the Halls can succeed on a promissory estoppel claim, the claim should not be dismissed at this point.

D.     Constructive Fraud

Arrington's motion to dismiss the Halls' claim for constructive fraud is denied.

Arrington asserts that the Halls's claim fails under the pleading standard set in *Ashcroft v Iqbal, supra*, and that breach of a contract is not equivalent to fraud.  Deft.'s br., 9.  They also argue for dismissal under Rule 9(b) for lack of particularity.  Deft.'s br., 11.  The Halls maintain that they specifically identify Arrington's fraudulent act in their complaint.

The complaint states that "[t]he Defendant made a false representation of a material fact when it stated in the lease that the lease was for a cash bonus in hand paid . . ." Compl., ¶ 16.  Further, the Halls allege that Arrington had specific knowledge that its representation was false and that Arrington had an intent to induce them not to lease the rights to anyone else.  *Id*.  These allegations are sufficiently particular and meet the pleading standard.

## IV. CONCLUSION

Accordingly, Arrington's motion to dismiss each of the Halls' claims (Doc. No. 7) is denied.

IT IS SO ORDERED THIS 25th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE