**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**SAMUEL P. HALL AND BRENDA HALL**　　　　　　　　　　**PLAINTIFFS**

**v.**　　　　　　　　**CASE NO. 2:09CV00091 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**　　　　　　　　**DEFENDANT**

**ORDER**

Plaintiffs Samuel P. Hall and Brenda Hall move for an award of prejudgment interest, attorneys' fees, and costs. [Doc. Nos. 69, 70]. Defendant David H. Arrington Oil and Gas, Inc. ("Arrington") has filed a response and brief in opposition, [Doc. Nos. 74, 75] and the Halls have replied. [Doc. No. 76]. For the reasons set forth below, the Halls' motion is granted in part.

I. BACKGROUND

Plaintiffs Samuel P. Hall and Brenda Hall brought this civil action in July 2009 seeking damages for Arrington's decision to dishonor a draft attendant to an oil and gas lease. The complaint sought recovery under several theories including breach of contract, unjust enrichment, promissory estoppel, and fraud. On August 19, 2010, partial summary judgment on the breach of contract claim was granted in favor of the Halls and against Arrington. [Doc. No. 55]. On October 15, 2010, the Halls moved to voluntarily dismiss the remaining causes of action with prejudice pursuant to Federal Rule of Civil Procedure 41. That motion was granted on November 15, 2010, and a final judgment was entered the same day awarding the Halls damages in the amount $181,194, plus postjudgment interest of .24%

per annum until paid. [Doc. No. 65].

Arrington timely filed a notice of appeal to the Eighth Circuit. Arrington's appeal, however, was stayed pending a ruling on the present motion. This is because the Halls' motion for attorneys' fees and costs, filed on November 18, 2010, also sought to recover prejudgment interest. The Supreme Court has held that such a motion constitutes a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) and thus renders a previously filed notice of appeal ineffective. *See* Fed. R. App. P. 4(a)(4); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

## II. DISCUSSION

The Halls are hereby awarded prejudgment interest in the amount of $46,792.73, attorneys' fees in the amount of $40,735.83, and costs in the amount of $486.08. Because federal jurisdiction is based on diversity of citizenship, the substantive law of Arkansas, the state in which the cause of action originally accrued, controls.

A.   <u>Prejudgment Interest</u>

Under Arkansas law, prejudgment interest must be awarded when the prevailing party's damages are "definitely ascertainable by mathematical computation." *S. Bank of Commerce v. Union Planters Nat'l Bank*, 289 S.W.3d 414, 418-19 (Ark. 2008). The damages award in this case are certainly ascertainable: the amount of the unpaid drafts. Because the lease contract specified no rate of interest, prejudgment interest will be fixed at a rate of 6% per annum pursuant to article 19, section 13 of Arkansas Constitution.

Accordingly, prejudgment interest is awarded to the Halls in the amount of $46,792.73, which is the total amount of damages awarded, $181,194, at 6% per annum for 1,571 days.

B.      Attorneys' Fees

The first question presented by plaintiffs' fee petition is whether a 40% contingent fee is reasonable given all of the circumstances of this case? The answer to that question is no. The second question is whether plaintiffs should be awarded any attorneys' fees from defendant? The answer to that question is yes. The final question is what amount of fees would be reasonable to award plaintiffs given all of the circumstances? The answer to that question is a lodestar-type fee, based on the actual number of hours worked by plaintiffs' counsel, which is $40,753.83.

Under Arkansas law, the prevailing party in a civil action to recover for breach of contract may recover reasonable attorneys' fees. Ark. Code Ann. § 16-22-308 (LEXIS Repl. 1999). Such an award, however, is not mandatory, but rather within the complete discretion of the trial court. *See Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718 (Ark. 1990); *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 723 (8th Cir. 2004).

The Halls seek attorneys' fees in the amount of $72,477.60. This amount is based on the contingent fee agreement between the Halls and their attorneys. The agreement provided that there would be no hourly fee, but that the Halls would pay counsel 40% of any recovery. In support of their request, the Halls attach affidavits from several lawyers who primarily represent plaintiffs. Those affidavits explain the virtues of contingent-fee arrangements,

primarily making the point that, for many plaintiffs, such agreements are "the key to the courthouse door." The affidavits further state that lead counsel is an experienced and skilled litigation attorney and that the fee requested is indeed reasonable.

In addition to several preliminary and technical objections, Arrington argues that an award of attorneys' fees is not appropriate because (1) much of the foundation for the Halls' strategy in this case was laid in other related cases litigated by plaintiffs' counsel and is therefore not attributable to this case; (2) the complaint pursued several theories of recovery besides breach of contract and therefore any fee award must be proportionally reduced; and (3) the fee requested is excessive considering that the motion for partial summary judgment essentially rested on two of the undersigned's prior holdings.

Given the fact that the present case is one in a series of cases brought by the same lawyers on behalf of a number of separate plaintiffs against the same defendant, it would be absolutely unreasonable to award plaintiffs a 40% contingent fee. Awarding such a fee in this case and in the other related cases would completely overstate the value of legal services provided by counsel. Now, this absolutely does not mean that a 40% contingent fee will always be deemed unreasonable. It is unreasonable in this case, however, due to the volume of related cases having the same lawyers, the same defendant, and almost identical facts.

Although the requested 40% contingent fee is unreasonable, plaintiffs are entitled to recoup a reasonable amount of attorneys' fees. Further, having viewed the billing statement of plaintiffs' counsel, it is hereby determined that plaintiffs should be awarded $40,735.83,

which represents the value of the actual billed time of plaintiffs' legal counsel. The billing statement indicates that three attorneys and two paralegals worked on the case. Lead counsel billed 37.20 hours at a rate of $275 per hour; a junior partner billed 75.6 hours at $225 per hour; an associate billed 53.21 hours at $175; a senior paralegal billed 20.33 hours at $100 per hour; and a junior paralegal billed 22.2 hours at $75 per hour. Given the complexity of this case and the number of issues raised herein, these fees are reasonable.

C.  Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, costs in the amount of $486.08 are hereby awarded.

Accordingly, the Halls' motion for prejudgment interest, attorneys' fees, and costs [Doc. No. 69] is granted in part and the Halls are hereby awarded prejudgment interest in the amount of $46,792.73, attorneys' fees in the amount of $40,735.83, and costs in the amount of $486.08.

IT IS SO ORDERED this 2nd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE